IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JACKIE LEE PUGH, JR. and BRITTANY NICHOLE PUGH, | ) ) ) |
| Plaintiffs, | ) Case No. 2:25-cv-04003-BCW ) |
| v. | ) **JURY TRIAL DEMANDED** ) |
| CITY OF OSAGE BEACH, MISSOURI, | ) ) |
| and | ) ) |
| JAMES CHAPMAN, a City of Osage Beach police officer, sued in his individual capacity, | ) ) ) ) |
| Defendants | ) |

## FIRST AMENDED COMPLAINT

Plaintiffs Jackie Lee Pugh Jr. and Brittany Nichole Pugh state the following for their First Amended Complaint against Defendants City of Osage Beach, Missouri, and James Chapman:

## INTRODUCTION

1. Plaintiffs Jackie Lee Pugh Jr. and Brittany Nichole Pugh ("Plaintiffs") are a homeless married couple.

2. Plaintiffs are poor and unemployed, and have very few possessions other than some clothes, a backpack, a cooler, a wagon, and a pet dog with whom they travel.

3. At all times relevant hereto, Plaintiffs did not own an automobile.

4. In order to obtain money to meet their essential needs such as food, Plaintiffs beg for donations from members of the public, and particularly from motorists.

5. When begging for money from motorists, Plaintiffs sit on sidewalks near roadways, usually at intersections controlled by traffic lights, and silently display a small sign requesting donations.

6. When begging for money, Plaintiffs do not speak to or approach motorists or members of the public unless the motorists or members of the public, upon seeing Plaintiffs or their sign, indicate to Plaintiffs that they wish to give them money or otherwise interact with them.

7. Plaintiffs do not enter the roadways to beg for money, and they take care not to impede or block automobile or pedestrian traffic while they beg.

8. Plaintiffs are always careful when they are begging for their own safety and the safety of motorists.

9. Plaintiffs are dependent upon donations received from motorists to obtain enough money to purchase food and other essential items for themselves and for their dog, and without such donations, they would have no means to provide for their basic needs.

10. Being homeless, Plaintiffs do not have a fixed residence or home address, and tend to travel from town to town, mostly by hitchhiking or by obtaining rides from good Samaritans who they encounter.

11. In or around the summer of 2024, Plaintiffs were in the City of Osage Beach, Missouri ("Osage Beach").

12. While they were in Osage Beach, Plaintiffs begged for money from motorists while passively sitting or standing on sidewalks alongside roadways.

13. While they were passively begging for money from motorists on August 23 and 24 of 2024, Plaintiffs were approached by Defendant James Chapman ("Officer Chapman"), a police officer employed by Osage Beach.

14. Officer Chapman's purpose in approaching Plaintiffs on August 23 and 24, 2024 was to prevent Plaintiffs from continuing to beg for money by enforcing Osage Beach's panhandling ordinance and policy against begging.

15. Officer Chapman made it clear in his interactions with Plaintiffs that Osage Beach did not like or approve of poor homeless people such as Plaintiffs begging for money in public, and that that if Plaintiffs continued to beg for money in Osage Beach, they would be subject to citation or arrest.

16. Because Plaintiffs had to beg for money in order to survive, but did not want to be cited or arrested, they left Osage Beach soon after their encounters with Officer Chapman.

17. Because the laws and policies of Osage Beach purporting to regulate or curtail panhandling are illegal and violative of the First and Fourteenth Amendments to the United States Constitution, Plaintiffs now bring this suit against Osage Beach and Officer Chapman pursuant to 42 U.S.C. § 1983 seeking declaratory and injunctive relief, as well as damages for violations of their rights.

**PARTIES, JURISDICTION, AND VENUE**

18. Plaintiffs are a married homeless couple who are citizens of the United States and who, during all periods relevant hereto, were residing in the State of Missouri.

19. Defendant Osage Beach is a city organized under the laws of the State of Missouri, located in Miller and Camden counties.

3

20. Defendant Officer Chapman is employed as a police officer by Osage Beach, and on information and belief, is a resident of the State of Missouri.

21. Officer Chapman is being sued in his individual capacity.

22. This Court has subject-matter jurisdiction to hear this matter under 28 U.S.C. §§ 1331 and 1343 (a)(3) because Plaintiffs' claims arise under federal law and seek redress for the deprivation of rights secured by the Constitution and laws of the United States.

23. Venue is proper in the Central Division of the Western District of Missouri under 28 U.S.C. § 1391(b) and Local Rule 3.2(a)(2) because a substantial part of the events or omissions described herein occurred in Osage Beach, which is located in Camden and Miller counties.

## GENERAL ALLEGATIONS

24. During a period of weeks in the summer of 2024, Plaintiffs resided in Osage Beach.

25. While they were in Osage Beach, Plaintiffs spent much of their time sitting or standing on the sidewalk outside the Murphy Express gas station located at 4294 Osage Beach Parkway, Osage Beach, MO 65065.

26. The Murphy Express gas station at 4294 Osage Beach Parkway is accessible to motorists traveling on Osage Beach Parkway via an access road controlled by traffic lights, and at which there is a crosswalk for pedestrians to cross Osage Beach Parkway.

27. On August 23, 2024, Plaintiffs were sitting on public property near the crosswalk at the intersection of Osage Beach Parkway and the access road leading to the Murphy Express gas station.

28. Plaintiffs were begging for money from motorists who stopped at the traffic light by displaying a sign propped against their bag that requested donations.

29. Plaintiffs were not actively approaching or calling out to motorists to beg; rather, Plaintiffs were sitting silently and only approaching motorists who, upon seeing Plaintiffs or their sign, indicated a desire to give Plaintiffs money.

30. While Plaintiffs were sitting near the crosswalk on August 23, 2024, Plaintiffs were approached by Officer Chapman, who identified himself as an Osage Beach police officer.

31. Plaintiff Brittany Pugh used her smart phone to record Plaintiffs' interaction with Officer Chapman.

32. Officer Chapman told Plaintiffs that that they could not be on private property without permission.

33. Plaintiffs were not on private property at any time when they spoke with Officer Chapman; nevertheless, Plaintiffs explained to Officer Chapman that they had permission from employees at Murphy Express to charge their devices at the gas station.

34. Plaintiffs also told Officer Chapman that they had been sitting in one place, not getting up, and had not been approaching people.

35. Officer Chapman told Plaintiffs they could not have any signs "that are panhandling" within fifty feet of the crosswalk.

36. Plaintiffs suggested to Officer Chapman that they move fifty feet down the road and sit on the sidewalk along Osage Beach Parkway, and Officer Chapman agreed with the suggestion.

37. After Officer Chapman left, Plaintiffs moved down the sidewalk, fifty feet away from the crosswalk as they had agreed, and continued to display their sign.

5

38. On August 24, 2024, Plaintiffs were sitting on the sidewalk along Osage Beach Parkway fifty feet away from the crosswalk in front of the Murphy Express when Officer Chapman returned.

39. Plaintiff Brittany Pugh used her smart phone to record Plaintiffs' interaction with Officer Chapman on August 24, 2024.

40. Officer Chapman told Plaintiffs that he had read the panhandling ordinance again after speaking with Plaintiffs the previous day, and he told them that the ordinance prohibited Plaintiffs from panhandling altogether because the ordinance prohibited panhandling in groups of two or more.

41. Plaintiffs suggested that they could continue to beg one at a time, but Officer Chapman said that because he knew they were together, they could not panhandle, even one at a time.

42. Plaintiffs told Officer Chapman that they had just been sitting in one place with a sign, not panhandling, but Officer Chapman told Plaintiffs it was "pretty obvious" based on Plaintiffs' sign that they were panhandling.

43. When Plaintiffs complained to Officer Chapman that he was prohibiting them from begging, he told them "Osage Beach isn't real friendly to panhandling."

44. Plaintiffs asked whether they were being forced to leave, and Officer Chapman said "If you're panhandling, yes."

45. When Plaintiffs again complained about being forced to leave, Officer Chapman again told them "Osage Beach isn't friendly to panhandling."

46. The intention of the comments and threats made by Officer Chapman to Plaintiffs was to deter Plaintiffs from engaging in protected speech and the expressive conduct of begging.

6

47. After speaking with Officer Chapman on August 23 and 24 of 2024, Plaintiffs understood that they were unwelcome in Osage Beach because they were poor and homeless and Osage Beach disapproved of them and their begging.

48. After speaking with Officer Chapman, Plaintiffs understood that Osage Beach was hostile to them because of their status, appearance, and speech, and that the City wished to banish them from public places.

49. After speaking with Officer Chapman, Plaintiffs understood that if they continued to beg in Osage Beach, they would be subject to arrest, incarceration, and/or other penalties.

50. Soon after speaking with Officer Chapman in August 2024, Plaintiffs left Osage Beach by hitchhiking a ride out of town.

51. Plaintiffs left town because they were objectively afraid they would be cited or arrested by the police if they continued to beg for money in Osage Beach.

52. Plaintiffs cannot afford to pay any fines without begging, and they did not want to be arrested or go to jail merely for begging or for failing to pay a fine for begging.

53. Begging by homeless persons, including the use of small handheld signs to express a message to fellow citizens, is unquestionably protected by the First Amendment to the United States Constitution, which is made applicable to the State of Missouri and its municipalities through the Due Process Clause of the Fourteenth Amendment.

54. In begging for money in Osage Beach, Plaintiffs were communicating a message on a subject of public concern to members of the public in an archetypal traditional public forum—namely, a sidewalk.

55. Plaintiffs would like to return to Osage Beach, but they remain objectively afraid they will be cited or arrested by the police if they return and continue to beg, as they must in order to survive.

56. As a result of their ongoing objective fear of harassment, citation and/or arrest for begging by the police in Osage Beach, Plaintiffs have not returned since their encounter with Officer Chapman on August 24, 2024.

## OSAGE BEACH'S PANHANDLING ORDINANCE

57. On information and belief, when Officer Chapman approached Plaintiffs on August 23 and 24 of 2024, he did so with the purpose of enforcing Section 210.770 of the Code of the City of Osage Beach (the "City Code").

58. Section 210.770 of the City Code, a copy of which is attached hereto as Exhibit 1, is an ordinance that was officially adopted and promulgated by Osage Beach.[1]

59. Section 210.770 of the City Code defines and regulates panhandling in Osage Beach.

60. Section 210.770 of the City Code separately defines both "panhandling" and "aggressive panhandling."

61. Plaintiffs never engaged in any conduct defined by section 210.770 of the City Code as "aggressive panhandling" while in Osage Beach.

62. Section 210.770 of the City Code defines "panhandling" as follows:

> Any solicitation in person, by a person, other than a charitable organization, for an immediate grant of money, goods or any other form of gratuity from any other person when the person making the request is not known to the person(s) who is the subject of the

---

[1] The Court may take judicial notice of local ordinances. *See, e.g.*, *Weed v. Jenkins*, 873 F.3d 1023, 1028 (8th Cir. 2017) (citing *Crooks v. Lynch*, 557 F.3d 846, 848 (8th Cir. 2009) and *Newcomb v. Brennan*, 558 F.2d 825, 829 (7th Cir. 1977)).

request. The term *"panhandling"* shall not mean the act of passively standing or sitting with a sign or other indicator that a donation of money, goods or any other form of gratuity is being sought without any vocal request other than a response to an inquiry by another person.

63. Section 210.770 of the City Code places a number of restrictions on panhandling.

64. Among other things, section 210.770 of the City Code prohibits persons from panhandling within fifty (50) feet of any crosswalk. *See* City Code § 210.770(B)(2)(g).

65. Among other things, section 210.770 of the City Code makes it unlawful for persons to panhandle on private property or inside a business without written permission from the owner. *See* City Code § 210.770(B)(3).

66. Among other things, section 210.770 of the City Code prohibits persons from panhandling in a group of two (2) or more persons. *See* City Code § 210.770(B)(5).

67. As per section 210.770 of the City Code, the definition of "panhandling" specifically excludes "the act of passively standing or sitting with a sign or other indicator that a donation of money, goods or other form of gratuity is being sought without any vocal request other than a response to an inquiry by another person."

68. Section 210.770 of the City Code also exempts solicitations made by "charitable organization[s]" from the definition of "panhandling."

69. Section 210.770 of the City Code defines "charitable organization" as "[a]ny non-profit community organization, fraternal, benevolent, educational, philanthropic or service organization, or governmental employee organization, which solicits or obtains contributions solicited from the public for charitable purposes or holds any assets solely for charitable purposes."

9

70. Violations of section 210.770 of the City Code are punishable under section 100.190 of the City Code. *See* City Code § 210.770(B)(7).

71. Section 100.190 of the City Code, a copy of which is attached hereto as Exhibit 2, provides that violations of the City Code may generally be punishable by fine of up to $500.00 and/or by imprisonment of up to ninety (90) days. *See* City Code §100.190(A).

72. Section 210.770 of the City Code is unconstitutional, both on its face and as applied to Plaintiffs.

73. Section 210.770 of the City Code infringes on the rights of persons, including Plaintiffs, to engage in expressive speech and conduct protected by the First Amendment.

74. Section 210.770 of the City Code is an impermissible content-based restriction on expressive conduct and speech.

75. Police officers such as Officer Chapman must necessarily examine the content of a person's speech to determine whether they are "panhandling" as that term is defined by section 210.770 of the City Code.

76. In exempting charitable organizations from the definition of "panhandling," section 210.770 of the City Code favors the speech and expressive conduct of some persons over others based on the content of their speech and the identity of the speaker.

77. Section 210.770 of the City Code is not narrowly tailored to serve any compelling governmental interest.

## DEMAND FOR JURY TRIAL

78. Plaintiffs demand a trial by jury on claims so triable.

## COUNT I—42 U.S.C. § 1983
### Violation of the First and Fourteenth Amendments
### (against the City of Osage Beach)

79. Plaintiffs incorporate by this this reference all prior paragraphs of this Complaint as if fully set forth herein.

80. Section 210.770 of the City Code is unconstitutional under the First and Fourteenth Amendments to the United States Constitution.

81. Section 210.770 of the City Code is a duly enacted ordinance of Osage Beach, and as such, is the law and represents the official policy of Defendant City.

82. At all times relevant hereto and as described herein, Officer Chapman was acting within the scope of his authority as an agent of Osage Beach.

83. By enforcing and/or threatening to enforce section 210.770 against them, Osage Beach, through its own actions and the actions of its authorized agent, Officer Chapman, violated Plaintiffs' rights under the First Amendment.

84. By forcing Plaintiffs to stop begging in Osage Beach pursuant to Defendant City's policies, customs, laws, or practices, the City, through its own actions and the actions of its authorized agent, Officer Chapman, violated Plaintiffs' rights under the First Amendment.

85. In violating Plaintiffs' rights under the First Amendment, Osage Beach directly and proximately caused harm and damage to Plaintiffs.

86. In violating Plaintiffs' rights under the First Amendment, Osage Beach acted purposefully, maliciously, and with reckless disregard of Plaintiffs' First Amendment rights.

87. The harm to Plaintiffs in the loss of their First Amendment rights is irreparable.

88. The harm to Plaintiffs in the loss of their First Amendment rights is immediate and continuing.

89. There is a substantial controversy between Plaintiffs and Osage Beach regarding the lawfulness of the City's policies, customs, ordinances, practices, and actions.

90. Plaintiffs have no adequate remedy at law.

91. Neither Osage Beach nor its officers have any cognizable interest in enforcing unconstitutional laws or policies.

92. Protecting the rights of persons under the First Amendment is in the public interest.

WHEREFORE, Plaintiffs Jackie Lee Pugh Jr. and Brittany Nichole Pugh respectfully request this Court enter judgment in their favor and against Defendant City of Osage Beach, and grant Plaintiffs the following relief:

a. A declaration that section 210.770 of the City Code and Osage Beach's policy against begging or panhandling are unconstitutional and violative of the First and Fourteenth Amendments to the United States Constitution.

b. A permanent injunction enjoining enforcement of section 210.770 of the City Code and Osage Beach's policy against begging or panhandling.

c. An award of compensatory damages and punitive damages.

d. An award of Plaintiffs' costs and reasonable attorneys' fees under 28 U.S.C. § 1988.

e. Any such other and further relief the Court deems fair and appropriate.

## COUNT II—42 U.S.C. § 1983
### Violation of the First and Fourteenth Amendments
### (against James Chapman in his individual capacity)

93. Plaintiffs incorporate by this this reference all prior paragraphs of this Complaint as if fully set forth herein.

94. Section 210.770 of the City Code is unconstitutional under the First and Fourteenth Amendments to the United States Constitution.

95. At all times relevant hereto and as described herein, Officer Chapman was acting under color of state law.

96. By enforcing and/or threatening to enforce section 210.770 against them, Officer Chapman violated Plaintiffs' rights under the First Amendment.

97. By forcing Plaintiffs to stop begging in Osage Beach pursuant to Defendant City's policies, customs, laws, or practices, Officer Chapman violated Plaintiffs' rights under the First Amendment.

98. In violating Plaintiffs' rights under the First Amendment, Officer Chapman directly and proximately caused harm and damage to Plaintiffs.

99. In violating Plaintiffs' rights under the First Amendment, Officer Chapman acted purposefully, maliciously, and with reckless disregard of Plaintiffs' First Amendment rights.

100. Plaintiffs' rights under the First Amendment were clearly established at the time such rights were violated by Officer Chapman.

WHEREFORE, Plaintiffs Jackie Lee Pugh Jr. and Brittany Nichole Pugh respectfully request this Court enter judgment in their favor and against Defendant James Chapman, and grant Plaintiffs the following relief:

a. An award of compensatory damages and punitive damages.

13

Case 2:25-cv-04003-BCW    Document 20    Filed 10/02/25    Page 13 of 14

b.  An award of Plaintiffs' costs and reasonable attorneys' fees under 28 U.S.C. § 1988.

c.  Any such other and further relief the Court deems fair and appropriate.

Respectfully Submitted,

**TGH Litigation LLC**

  /s/ *H. Anthony Relys*
J. Andrew Hirth, #57807MO
H. Anthony Relys, #63190MO
TGH Litigation LLC
28 N. 8th Street, Suite 200
Columbia, MO 65201
andy@tghlitigation.com
tony@tghlitigation.com
Phone: 573-256-2850
Fax: 573-213-2201
*Attorneys for Plaintiffs*